IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LORETTA FOOTE,** *Plaintiff,* | : : : | **CIVIL ACTION** |
| v. | : : | **No. 18-2244** |
| **VALENTI MID ATLANTIC MANAGEMENT, LLC, et. al.,** *Defendants.* | : : : : | |

## MEMORANDUM

### I. INTRODUCTION

On May 29, 2018, Plaintiff, Loretta Foote, filed a Complaint against Defendants, Valenti Mid Atlantic Management, LLC ("Valenti Management"), Darrell J. Valenti, Peter J. Grant, Mike Burnett, and NPC Quality Burgers, Inc. ("NPC"). ECF No. 1. Plaintiff's Complaint alleges the following causes of action: 1) sexual discrimination and harassment under Title VII against Valenti Management; 2) sexual discrimination and harassment under Title VII against NPC; 3) sexual discrimination and harassment under the Pennsylvania Human Relations Act against Valenti Management; 4) sexual discrimination and harassment under the Pennsylvania Human Relations Act against NPC; 5) sexual discrimination and harassment under the Pennsylvania Human Relations Act against Defendant Valenti; 6) sexual discrimination and harassment under the Pennsylvania Human Relations Act against Defendant Grant; and 7) sexual

1

discrimination and harassment under the Pennsylvania Human Relations Act against Defendant Burnett. *Id.*

Defendants filed their Motion to Dismiss Plaintiff's Complaint (ECF No. 9) on August 29, 2018. Plaintiff filed her Response to Defendants' Motion to Dismiss (ECF No. 10) on September 12, 2018. Defendants filed a Reply Brief (ECF No. 11) on September 19, 2018. On November 26, 2018 the instant matter was assigned to the undersigned Judge (ECF No. 12).

## II. BACKGROUND[1]

Defendant Valenti Management owned and operated a Wendy's Old Fashioned Hamburgers located in Reading, Pennsylvania ("Reading Wendy's"). *Id.* at ¶ 5. Defendant Valenti was the Chief Executive Officer and President of Defendant Valenti Management. *Id.* at ¶ 7. Defendant Grant was the Chief Operating Officer of Defendant Valenti Management. *Id.* at ¶ 8. Defendant Burnett was an employee of Defendant Valenti Management and the General Manager of the Reading Wendy's. *Id.* at ¶ 9. Defendant NPC purchased the Reading Wendy's from Defendant Valenti Management in April of 2017. *Id.* at ¶ 11. Plaintiff worked at the Reading Wendy's from May 7, 2016 through October

---

[1] Because a motion to dismiss under Fed. R. Civ. P. 12(b) is before the Court, the well-pled allegations in Plaintiff's Complaint must be taken as true. *McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009).

16, 2016. *Id.* at ¶¶ 16-24. Specifically, Plaintiff was hired "for the positions of Drive-thru, Cashier and Server." *Id.* at ¶16.

From August of 2016 through October of 2016, Plaintiff alleges that Michael Ho ("Mr. Ho"), a male coworker, was sexually harassing her on a regular basis. *Id.* at ¶17. Specifically, Mr. Ho sexually harassed Plaintiff by telling her to give him a "blow job," physically rubbing his body up against Plaintiff's body, touching Plaintiff's rear end, and telling Plaintiff that her "butt" and "boobs" were big. *Id.* This harassment by Mr. Ho was severe because he touched and rubbed Plaintiff's body parts. *Id.* at ¶ 18. It was pervasive and regular because Plaintiff was subjected to Mr. Ho's sexually harassing comments and physical touching whenever they were working together. *Id.* at ¶ 19. The harassment detrimentally affected Plaintiff because she could not sleep and felt nervous and fearful at work. *Id.* at ¶ 20.

In September of 2016, Plaintiff informed her Assistant Manager of Mr. Ho's sexual harassment. *Id.* at ¶ 21. Defendant Burnett, Plaintiff's General Manager, was then informed of Mr. Ho's conduct by Plaintiff in mid-to-late September of 2016. *Id.* at ¶ 22. After no corrective action was taken by the proper parties to address Mr. Ho's conduct, Plaintiff resigned her position on October 16, 2016. *Id.* at ¶ 23-24.

On January 9, 2017, Plaintiff filed a charge of discrimination with the Pennsylvania Human Relations Commission ("PHRC") against her employer, Defendant Valenti Management, alleging sexual harassment at the workplace.[2] ECF No. 9-2 at 10. Defendant Burnett was also identified in the complaint. *Id.* at 12, 14. Plaintiff also cross-filed the charge with the Equal Employment Opportunity Commission ("EEOC"). ECF No. 1 at ¶ 13. On April 9, 2018, Plaintiff received her Notice of Right to Sue from the EEOC, allowing her to initiate this civil action. *Id.* at ¶ 14. It is undisputed that Plaintiff did not name Defendant Valenti and Defendant Grant in her PHRC and EEOC complaint. ECF No. 10 at 5.

## III. DISCUSSION

In their Motion to Dismiss, Defendants present four (4) issues for the Court's consideration. ECF No. 9-1 at 4. First, whether Plaintiff's Complaint against Defendant Valenti Management must be dismissed for lack of service. *Id.* Second, whether Plaintiff's Complaint must be dismissed against Defendant NPC because NPC is not a successor employer subject to liability. *Id.* Third, whether Plaintiff's claims against Defendant Valenti and Defendant Grant must be dismissed because Plaintiff failed to exhaust her administrative remedies against

---

[2] It is undisputed that Defendant Valenti Management owned the Reading Wendy's at the time of the alleged sexual harassment.

4

them. *Id.* Fourth, whether the Court should exercise supplemental jurisdiction over the state law claims against the individual Defendants if the Title VII federal claims against Defendant Valenti Management and Defendant NPC were dismissed. *Id.*

When reviewing a motion to dismiss, the Court "accept[s] as true all allegations in plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and [the court] construes them in a light most favorable to the non-movant." *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955)). "The plausibility determination is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786-87 (3d Cir. 2016) (quoting *Iqbal*, 550 U.S. at 679, 129 S. Ct. 1937).

Finally, courts reviewing the sufficiency of a complaint must engage in a three-step process. First, the court "must 'take note of the elements [the] plaintiff must plead to state a claim.'" *Id.* at 787 (alterations in original) (quoting *Iqbal*, 550 U.S. at 675, 129 S. Ct. 1937). "Second, [the court] should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 550 U.S. at 679, 129 S. Ct. 1937). Third, "'[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Id.* (alterations in original) (quoting *Iqbal*, 550 U.S. at 679, 129 S. Ct. 1937).

Each issue will be discussed in turn, below.

A. Service of the Complaint upon Defendant Valenti Management.

On August 16, 2018, Plaintiff filed her Proof of Service upon Defendant Grant. ECF No. 4. Service was made upon Defendant Grant when Sharon Ritch, Chief Accounting Officer of Valenti Management, accepted service on behalf of Defendant Grant. *Id.* On August 16, 2018, Plaintiff also filed her Proof of Service upon Defendant Valenti. ECF No. 5. Defendant Valenti was served in the same manner as Defendant Grant. *Id.* However, on August 16, 2018 Plaintiff filed an affidavit stating that service had been unsuccessful for Defendant Valenti Management. ECF No. 6.

6

When evaluating a service issue under Fed. R. Civ. P. 4, courts must remain cognizant that "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint and technical defects do not justify dismissal unless a party is able to demonstrate actual prejudice." *Constitutional Guided Walking Tours, LLC v. Independence Visitor Center Corp.*, 804 F. Supp. 2d 320, 324-25 (E.D. Pa. 2011) (internal quotations omitted). Furthermore, "where there has been proper service, problems with proof of service should not impact the validity of that service." *Ace American Insurance Co. v. Meadowlands Developer Limited Partnership*, 140 F. Supp. 3d 450, 453 (E.D. Pa. 2015). Service upon a limited liability company, such as Defendant Valenti Management, can be made by "delivering a copy of the summons and of the Complaint to an officer" of the company. Fed. R. Civ. P. 4(h).

Here, it is undisputed that Defendant Grant and Defendant Valenti were properly served with the Complaint through Sharon Ritch, Valenti Management's Chief Accounting Officer. However, Defendant Valenti Management attempts to argue that it was never timely served because Plaintiff failed to file an affidavit of service against it, therefore, the Complaint should be dismissed against it because it was never served within the time frame established by the Court's Order dated July 31, 2018. ECF No. 9-1 at 6. Plaintiff responds that service was properly effectuated upon Defendant Valenti Management when Sharon Ritch, Chief

7

Accounting Officer of Valenti Management, accepted service on behalf of Defendant Grant and Defendant Valenti. ECF No. 10 at 4.

As stated above, service on a limited liability company can be made by delivering a copy of the summons and complaint to an officer of the company. Defendants, in their Brief in Support of Motion to Dismiss and their Reply Brief, do not argue that Sharon Ritch could not have accepted service on Defendant Valenti Management's behalf. *See* ECF No. 9-1 at 6-7; ECF No. 11 at 1-2. Further, Defendant Valenti Management never argued that Sharon Ritch did not accept service on its behalf when she accepted service on Defendants, Grant and Valenti's, behalf. Instead, Defendants only argue that the docket must indicate that service was effectuated on Defendant Valenti Management for service to be valid. *Id.* However, the fact that the record indicates that service has not been effectuated upon Defendant Valenti Management does not affect the validity of proper service. Fed. R. Civ. P. 4(l)(3) ("Failure to prove service does not affect the validity of service. The court may permit proof of service to be amended.").

Defendant Valenti Management also did not direct the Court to any cases that support its argument that the docket must indicate proof of service upon a defendant before the court can deny a motion to dismiss regarding a lack of service issue. Moreover, Defendant Valenti Management has failed to demonstrate any prejudice it may have suffered as a result of Plaintiff's defective proof of service.

8

Therefore, in accordance with Fed. R. Civ. P. 4(l)(3) and because Defendant Valenti Management does not dispute that Sharon Ritch also accepted service on Defendant Valenti Management's behalf when she accepted service for Defendants, Grant and Valenti, service was properly effectuated upon Defendant Valenti Management.[3]

B. Defendant NPC as a Successor Employer and Its Liability.

In their Motion to Dismiss, Defendants argue that Plaintiff did not set forth any facts that would support a theory of liability upon Defendant NPC as successor to the Reading Wendy's. ECF No. 9-1 at 7-8. In the employment discrimination field, there are three factors that must be pled for a successor employer to be held liable. The three factors are: "(1) continuity in operations and work force of the successor and predecessor employers; (2) notice to the successor-employer of its predecessor's legal obligation; and (3) ability of the predecessor to provide adequate relief directly." *Brzozowski v. Correctional Physician Services, Inc.*, 360 F.3d 173, 178 (3d Cir. 2004) (internal quotations omitted) (quoting *Criswell v. Delta Air Lines, Inc.*, 868 F.2d 1093, 1094 (9th Cir. 1989)). Successorship liability can be recognized in the appropriate Title VII context. *Id.*

---

[3] Because Defendant Valenti Management was served, Plaintiff must amend its proof of service for Defendant Valenti Management.

Here, Plaintiff's Complaint is not sufficiently pled to survive Defendants' Motion to Dismiss as to its successor liability claim against Defendant NPC. The only fact Plaintiff alleges against Defendant NPC is that NPC "purchased the Reading Wendy's franchise from Valenti Management in or about April 2017." ECF No. 1 at ¶11. As to Defendant NPC's liability, Plaintiff's Complaint only makes conclusory allegations. *Id.* at ¶34 ("As purchaser and successor in interest to Valenti Management, NPC is legally liable for all actions against Ms. Foote as described in Count I."), ¶40 ("As purchaser and successor in interest to Valenti Management, NPC is legally liable for all actions against Ms. Foote as described in Count III."). These allegations are insufficient to impose plausible successor liability upon Defendant NPC. *See Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937. Therefore, the successor liability claims against Defendant NPC (Counts II and IV) shall be dismissed.

C. <u>Plaintiff's Claims against Defendant Grant and Defendant Valenti, Individually.</u>

Defendants next contend that Defendants, Grant and Valenti, should be dismissed because neither were named in the PHRC and EEOC complaint. ECF No. 9-1 at 9. Plaintiff concedes that Defendants, Grant and Valenti, were not named in the administrative proceedings complaint. ECF No. 10 at 5. "To bring suit under the PHRA, a plaintiff must first have filed an administrative complaint

with the PHRC within 180 days of the alleged act of discrimination." *Woodson v. Scott Paper Co.*, 109 F.3d 913, 925 (3d Cir. 1997); *see also* 43 P.S. § 962.

> If a plaintiff fails to file a timely complaint with the PHRC, then he or she is precluded from judicial remedies under the PHRA. The Pennsylvania courts have strictly interpreted this requirement, and have repeatedly held that "persons with claims that are cognizable under the Human Relations Act must avail themselves of the administrative process of the Commission or be barred from the judicial remedies authorized in Section 12(c) of the Act."

*Woodson*, 109 F.3d at 925 (quoting *Vincent v. Fuller Co.*, 532 Pa. 547, 616 A.2d 969, 974 (1992)). Because Plaintiff admits that Defendants, Grant and Valenti, were not named in her PHRC complaint, the Court holds that Plaintiff did not exhaust her administrative remedies against these Defendants under the PHRA.[4] Accordingly, the individual claims under the PHRA against Defendants, Grant and Valenti, in Plaintiff's Complaint (Counts V and VI) shall be dismissed.

D. <u>Supplemental Jurisdiction.</u>

Because the Court did not dismiss the Title VII claim against Defendant Valenti Management, the Court need not address this issue.

---

[4] The Court is aware of the exception to the name respondent rule when "the unnamed party received notice and when there is a shared commonality of interest with the named party." *Schafer v. Bd. of Public Education*, 903 F.2d 243, 252 (3d Cir. 1990). Plaintiff, however, does not argue that this exception applies. In any event, the exception would not apply because, even if Defendants, Grant and Valenti, received notice of the Plaintiff's PHRC complaint, there is no indication as to whether they received notice that they could potentially be sued in an individual capacity. *See Hills v. Borough of Colwyn*, 978 F. Supp. 2d 469, 479 (E.D. Pa. 2013).

## IV. CONCLUSION

For the foregoing reasons, this Court holds that Defendants' Motion to Dismiss is denied in part and granted in part. Defendants' Motion to Dismiss is granted with respect to Defendants, NPC, Peter J. Grant, and Darrell J. Valenti (Counts II, IV, V, and VI). Accordingly, they are dismissed from this action. Defendants' remaining issues in their Motion to Dismiss are denied and Plaintiff's remaining causes of action (Counts I, III, and VII) will proceed. Defendants, Valenti Management and Mike Burnett, must file an Answer to Plaintiff's Complaint on or before February 1, 2019. An appropriate Order will follow this Memorandum.

DATED: 1-18-2019

BY THE COURT:

CHAD F. KENNEY, JUDGE